**Horencio Fernandez SAENZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–89–00986–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 21, 1993.

Mary E. Conn, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION ON REMAND

ROBERTSON, Justice.

Appellant entered a plea of not guilty to the offense of possession of cocaine. The jury found appellant guilty, and the trial judge assessed punishment at confinement for eight years. On original submission, this court rejected appellant's arguments that the trial court improperly admitted evidence of an extraneous offense, allowed improper jury argument, and that the evidence was insufficient to sustain his conviction, and we affirmed the judgment of the trial court. *Fernandez Saenz v. State,* 802 S.W.2d 765 (Tex.App.—Houston [14th Dist.] 1990). Appellant filed petition for discretionary review and the court of criminal appeals reversed and remanded this cause back to this court to determine whether appellant was harmed by the improper admission of testimony concerning an extraneous offense. *Fernandez Saenz v. State,* 843 S.W.2d 24, 28 (Tex.Crim.App. 1992). We conclude the error was not harmless beyond a reasonable doubt, and we reverse.

Appellant complained of "testimony about an uncharged sale of cocaine at a location different from the location where the offense charged occurred." Specifically, appellant objected to testimony regarding the recovery of "marked" money from his possession and the recovery of a quarter ounce of cocaine at the time of his arrest.[1] The state argued that the testimony regarding the money, and the quarter ounce of cocaine, was an irrefutable link between appellant and the cocaine found in the apartment, that was the basis of the charge against him. The court of criminal appeals reviewed appellant's argument using the canons outlined in *Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App.1991). The court found appellant properly objected to the admission of the contested testimony but also found that the testimony was relevant apart from supporting an in-ference of character conformity. *Fernandez Saenz,* at 26–27.

However, the court found the trial court abused its discretion in admitting the evidence in light of appellant's objection "that the prejudicial effect would outweigh any probative value." *Id.* at 27–28. The court found the evidence did have a tendency to mislead the jury, and that the danger of unfair prejudice substantially outweighed the probative value of the challenged evidence. *Id.* at 28. It is in this posture that the case was remanded back to this court to conduct a harm analysis pursuant to Rule 81(b)(2) of the Texas Rules of Appellate Procedure.

▇▇▇ In applying the harmless error rule, our focus is not on the propriety of the outcome of the trial, but on the integrity of the process leading to the conviction. *Harris v. State,* 790 S.W.2d 568, 584–87 (Tex.Crim.App.1989); TEX.R.APP.P. 81(b)(2). Consequently, we must examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the state and its collateral implications. *Id.* at 587. In addition, we must consider how much weight a juror would probably place upon the error and whether declaring the error harmless would encourage the state to repeat it with impunity. *Id.* If the error is of a magnitude that it disrupted the jury's orderly evaluation of the evidence, no matter how overwhelming such evidence might have been, then the conviction is tainted. *Id.* at 588. It is the effect of the error and not the other evidence that must dictate the reviewing court's judgment. *Id.*

▇▇▇ Reviewing the improper evidence as it was produced at trial, and the emphasis placed on this evidence by the state, we can only conclude the error was not harmless beyond a reasonable doubt. In her final argument before the jury, the prosecutor used the evidence of the "marked" money and the recovery of the quarter ounce of cocaine to link appellant with the posses-

---

1. No clear evidence was produced at trial that would indicate exactly from whom the cocaine was recovered. It was suggested that it may have come from the "subject" who was original-ly given the "marked" money by the police, or possibly from the appellant at the time of his arrest.

sion of the cocaine found in the apartment. Over and over again, the prosecutor referred to the "marked" money and how it established appellant's guilt. In her attempt to persuade the jury that the cocaine found in the apartment was in the care, custody and control of the appellant, the prosecutor relied on the tainted evidence more than any other evidence adduced at trial.

We cannot find beyond a reasonable doubt that the error was harmless; therefore a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Harris*, 790 S.W.2d at 588; Tex.R.App.P. 81(b)(2). We reverse the trial court's judgment and remand this cause for proceedings consistent with this opinion.