COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-253-CR
         
2-04-254-CR
 
  
JAIME RAMIREZ, JR.                                                             APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM 
OPINION[1]
 
------------
        Appellant 
appeals his conviction for possession with intent to deliver cocaine, 
methamphetamine and 3, 4-methylenedioxy methamphetamine (“ecstasy”). In 
three issues, he contends that the evidence is factually insufficient to support 
his conviction. We will affirm.
        On 
June 6, 2002, a Fort Worth police officer obtained and executed a search warrant 
for 1609 Beach Street in Fort Worth based on information from a confidential 
informant. No one was at the residence when the officers arrived, so they 
entered the house by force. Once inside, they noticed that two of the bedroom 
doors were padlocked. In one of the bedrooms, they found digital scales, a 
semi-automatic weapon, a video camera, and several controlled substances, 
including cocaine, methamphetamine, and ecstasy.
        While 
the search was underway, appellant and two other people arrived at the house. 
Appellant exited the car and walked up to the front door. Police officers met 
him and arrested him.
        Appellant 
was charged with intent to deliver cocaine, methamphetamine, and ecstasy. A jury 
found him guilty of the offenses charged and assessed punishment at eleven 
years' confinement.
        In 
three issues, appellant contends that his convictions should be reversed and 
that he should be granted a new trial because the evidence is factually 
insufficient to prove that the controlled substances seized from 1609 Beach 
Street belonged to him.
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all of the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484.
        There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt. Id. at 484-85. In making these determinations, we are 
to give deference to the fact finder’s determinations. Id. at 481; Cain 
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not substitute 
our judgment for that of the fact finder. Zuniga, 144 S.W.3d at 482.
        A 
person commits the offense of possession of a controlled substance if he 
knowingly or intentionally possesses the substance. Tex. Health & Safety Code Ann. § 
481.115 (Vernon 2003). To prove unlawful possession of a controlled substance, 
the State must prove that (1) the accused exercised control, management, or care 
over the substance and (2) the accused knew the matter possessed was contraband. 
Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The 
accused may have either exclusive or joint possession of the controlled 
substance. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). When 
the accused is not in exclusive possession of the place where the substance is 
found, his knowledge of and control over the contraband cannot be established 
unless there are additional independent facts and circumstances which 
affirmatively link the accused to the contraband. Poindexter, 153 S.W.3d 
at 406. The State’s evidence, whether direct or circumstantial, "must 
establish, to the requisite level of confidence, that the accused's connection 
with the drug was more than just fortuitous.” Id. at 405-06.
        In 
this case, the State presented the following evidence to show that appellant 
exercised control, management, or care over the drugs that were found at 1609 
Beach Street:
        A 
police informant reported that appellant was selling cocaine from 1609 Beach 
Street and delivering cocaine to customers in a 1984 black Mercedes. 
Appellant’s car, a 1984 black Mercedes, was parked in front of the house on 
the day the drugs were seized. Appellant arrived at the house while the police 
were executing the search warrant with a key that opened the lock on the door to 
the room in which the drugs were found. The police found a camcorder containing 
a videotape that showed appellant inside the room where the drugs were found. On 
the videotape, appellant held a black bag that contained drugs and rifled 
through the drugs with his hands. Both the bag and the drugs on the videotape 
were similar to those confiscated by the police. A police officer saw an 
identification card bearing appellant’s picture inside the room where the 
drugs were found. And, at trial, appellant demonstrated knowledge of the drugs 
that were confiscated.
        Appellant 
contends that this evidence is outweighed by evidence establishing that he did 
not reside in the house where the drugs were found. He testified that his car 
was parked at the house because it was leaking oil and because he wanted to 
explain to the residents why he had been there earlier that day with the police 
in tow. Appellant denied having a key to the door to the room in which the drugs 
were found. The record also shows that several other individuals arrived at the 
house while the police were executing the search warrant, that at least one 
other “Jaime” was identified on the videotape confiscated by the police 
during their search of the house, and that the police did not find any drugs in 
appellant’s car or on his person.
        We 
conclude that the evidence establishing appellant’s possession of the drugs is 
not outweighed by evidence to the contrary.  The State was not required to 
prove that appellant exercised exclusive control, management, or care over the 
drugs, see Poindexter,  153 S.W.3d at 412; Cude, 716 
S.W.2d at 47, only that his “connection with the drugs was more than just 
fortuitous.” Poindexter, 153 S.W.3d at 405-06. The fact that other 
people resided in and visited the house, and that another person named 
“Jaime” had some connection with the drugs, did not preclude a finding that 
appellant possessed the drugs. Moreover, the jury was free to believe or 
disbelieve appellant’s testimony about the reason his car was at the house and 
his ownership of the key to the room where the drugs were found. See Zuniga, 144 
S.W.3d at 481; Cain, 958 S.W.2d at 407. Therefore, considering the 
evidence in a neutral light, we hold that the jury was rationally justified in 
finding appellant guilty beyond a reasonable doubt. See Zuniga, 144 
S.W.3d at 484. Accordingly, we overrule appellant’s issues and affirm the 
trial court’s judgments.
  
                                                                  PER 
CURIAM
 
 
  
PANEL A:   CAYCE, 
C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired , Sitting by Assignment).
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 26, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.