COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-461-CR


BARTON P. JACKSON                                                            APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        A jury found Appellant Barton P. Jackson guilty of the offenses of
manufacture of a controlled substance, possession or transport of certain
chemicals with intent to manufacture a controlled substance, and possession
of a controlled substance. Appellant was sentenced to forty-five years’
imprisonment with a $20,000 fine, twenty years’ imprisonment with a $10,000
fine, and forty-five years’ imprisonment with a $20,000 fine, respectively, to
be served concurrently. In three points, Appellant complains that the trial court
erred by failing to give a requested limiting instruction, that his trial counsel was
ineffective, and that the evidence is legally and factually insufficient to support
his conviction. We will affirm.
Background Facts
        In January 2003, Fort Worth police officer Jason Back stopped a vehicle
for failing to use a turn signal. When Back approached the vehicle, he noticed
that there were three people in the car. Appellant was in the front passenger
seat, and another person was in the back seat with a shotgun underneath his
legs. Back ordered the three individuals out of the vehicle and patted Appellant
down for weapons. Appellant admitted that he had a butterfly knife in his
pocket. He was arrested and placed inside one of the patrol vehicles at the
scene. Later, when Appellant was removed from the patrol car, a baggie of
methamphetamine was lying where Appellant had been sitting. Appellant told
police that the shotgun was not his and that they could confirm this with his
girlfriend, Marjorie Fisher. He told police that he lived in room 121 of the
Interstate Motel. Officers went to the motel to speak with Fisher. Fisher gave
consent to search the room, and while the officers were inside the room
questioning her about the shotgun, they noticed drugs and drug paraphernalia. 
Although the room was registered under Fisher’s name, Officer J.W. Gottlob
testified that the motel manager told him that Appellant also lived in the room
and paid rent on the room each day.
Limiting Instructions
        In his first point, Appellant argues that the trial court erred by failing to
provide the jury with his requested limiting instruction. Specifically, that the
testimony of Officer Gottlob concerning what the motel manager told him
should only be considered for impeachment purposes. The State responds that
Appellant was not entitled to a limiting instruction because he requested it too
late, after the testimony had been admitted for all purposes.
        Rule 105(a) of the Rules of Evidence provides,
When evidence which is admissible as to one party or for one
purpose but not admissible as to another party or for another
purpose is admitted, the court, upon request, shall restrict the
evidence to its proper scope and instruct the jury accordingly; but,
in the absence of such request the court’s action in admitting such
evidence without limitation shall not be a ground for complaint on
appeal.

Tex. R. Evid. 105(a). The court of criminal appeals has construed rule 105(a)
as requiring the party opposing the admission of the evidence to object and
request a limiting instruction when the evidence is introduced. Hammock v.
State, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001); Garcia v. State, 887
S.W.2d 862, 878 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1021 (1995). 
When a defendant does not request a limiting instruction at the first
opportunity, the evidence is admitted for all purposes. See Hammock, 46
S.W.3d at 895; Garcia, 887 S.W.2d at 878. Once the evidence is admitted for
all purposes, a trial court need not issue a limiting instruction to the jury
regarding that evidence. Hammock, 46 S.W.3d at 895.
        Here, Appellant waited until after Officer Gottlob had completed his
testimony and been excused from the witness stand to request a limiting
instruction. Because Appellant did not make this request at the time when
Officer Gottlob testified regarding what the motel manager had told him, the
evidence was admitted for all purposes. Thus, we hold that the trial court did
not err by refusing to give the jury a limiting instruction. We overrule
Appellant’s first point.
Ineffective Assistance of Counsel
        In point two, Appellant contends that he received ineffective assistance
of counsel because trial counsel failed to object to offers of inadmissible
evidence. We apply a two-pronged test to ineffective assistance of counsel
claims. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First,
an appellant must show that his counsel's performance was deficient; second,
an appellant must show the deficient performance prejudiced the defense. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
        In evaluating the effectiveness of counsel under the first prong, we look
to the totality of the representation and the particular circumstances of each
case. Thompson, 9 S.W.3d at 813. The issue is whether counsel's assistance
was reasonable under all the circumstances and prevailing professional norms
at the time of the alleged error. See Strickland, 466 U.S. at 688-89, 104 S. Ct.
at 2065. "[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment." Id. at 690, 104 S. Ct. at 2066. An allegation of
ineffective assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at
813. Our scrutiny of counsel's performance must be highly deferential, and
every effort must be made to eliminate the distorting effects of hindsight. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
        The second prong of Strickland requires a showing that counsel's errors
were so serious that they deprived the defendant of a fair trial, that is, a trial
whose result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words,
appellant must show there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. 
Id. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id., 104 S. Ct. at 2068. 
The ultimate focus of our inquiry must be on the fundamental fairness of the
proceeding whose result is being challenged. Id. at 697, 104 S. Ct. at 2070.
        Generally, the trial record will not be sufficient to establish an ineffective
assistance of counsel claim. Jones v. State, 133 S.W.3d 307, 312 (Tex.
App.—Fort Worth 2004, no pet.). This is often the case because a silent record
cannot rebut the presumption that counsel's performance was the result of
sound or reasonable trial strategy. Mallett v. State, 65 S.W.3d 59, 65 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App.
1999). A record affirmatively demonstrating the alleged ineffectiveness may,
however, be provided by a motion for new trial hearing. See Jones, 133
S.W.3d at 312.
        In the instant case, Appellant argues that trial counsel failed to object 1)
to the portion of the State’s opening statement regarding Fisher’s consent to
search the motel room, 2) to the admission of Appellant’s oral statement
directing police to check with his girlfriend in room 121 at the Interstate Motel,
3) to a comment in the State’s closing argument suggesting that there was a
joint operation between Appellant and Fisher, 4) to evidence that Appellant was
staying in the room with Fisher, and 5) to a written statement purportedly made
by Appellant. Appellant did file a motion for new trial, but the issue of
ineffective assistance of counsel was not raised. Therefore, the record does
not reflect trial counsel’s reasons for failing to object. Appellant’s complaint
involves decisions that may or may not have been grounded in sound trial
strategy. Without a record showing counsel’s explanation, Appellant has failed
to overcome the presumption that the challenged decisions were sound trial
strategy. See Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). 
Accordingly, we hold that there is no basis on which to find that counsel’s
representation was so deficient and so lacking in tactical or strategic decision
making as to overcome the presumption that counsel’s conduct was reasonable
and professional. Appellant’s second point is overruled.
Legal and Factual Sufficiency
        In his third point, Appellant asserts that the evidence is legally and
factually insufficient to support his conviction. In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App.
2004).
        This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at
319, 99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and
credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).
        Thus, when performing a legal sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1131 (2000). We must resolve any
inconsistencies in the evidence in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).
        In contrast, when reviewing the factual sufficiency of the evidence to
support a conviction, we are to view all the evidence in a neutral light, favoring
neither party. See Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App.
2004). The only question to be answered in a factual sufficiency review is
whether, considering the evidence in a neutral light, the fact finder was
rationally justified in finding guilt beyond a reasonable doubt. Id. at 484. There
are two ways evidence may be factually insufficient: (1) the evidence
supporting the verdict or judgment, considered by itself, is too weak to support
the finding of guilt beyond a reasonable doubt; or (2) when there is evidence
both supporting and contradicting the verdict or judgment, weighing all of the
evidence, the contrary evidence is so strong that guilt cannot be proven beyond
a reasonable doubt. Id. at 484-85. “This standard acknowledges that evidence
of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove
the elements of the crime beyond a reasonable doubt.” Id. at 485. In other
words, evidence supporting a guilty finding can outweigh the contrary proof but
still be insufficient to prove the elements of an offense beyond a reasonable
doubt. Id.
        In performing a factual sufficiency review, we are to give deference to the
fact finder’s determinations, including determinations involving the credibility
and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997). We may not substitute our judgment for that of the
fact finder’s. Zuniga, 144 S.W.3d at 482.
        A proper factual sufficiency review requires an examination of all the
evidence. Id. at 484, 486-87. An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).
        In the present case, Appellant contends that the evidence presented at
trial does not connect him to the motel room where the drugs and drug
paraphernalia were found and that the evidence therefore is legally and factually
insufficient to support his conviction. The accused may have either exclusive
or joint possession of the controlled substance in order for the State to
affirmatively link the accused to the contraband. Cude v. State, 716 S.W.2d
46, 47 (Tex. Crim. App. 1986). When the accused is not in exclusive
possession of the place where the substance is found, his knowledge of and
control over the contraband cannot be established unless there are additional
independent facts and circumstances which affirmatively link the accused to
the contraband. Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex. Crim.
App. 2005). The State's evidence, whether direct or circumstantial, "must
establish, to the requisite level of confidence, that the accused's connection
with the drug was more than just fortuitous." Id. at 405-06.
        In this case, our review of the evidence shows that the State presented
a significant amount of evidence to show that Appellant exercised control,
management, or care over the drugs and drug paraphernalia that were found in
room 121 at the Interstate Motel, thus affirmatively linking Appellant to the
contraband.
        There was testimony that the car in which Appellant was riding was
stopped a short distance away from the motel. Appellant was in possession of
methamphetamine and a shotgun was found in the car when the police stopped
the vehicle. There was testimony that Appellant told officers the shotgun was
not his and directed them to the motel in order to verify with Fisher that he did
not own the shotgun. Appellant also suggested to officers that he lived at the
motel. Fisher consented to a search of the room where officers noticed, in plain
view, methamphetamine, a methamphetamine lab, and other drug
paraphernalia. Officers also found male clothing and toiletries in the room. The
motel manager testified that Appellant was Fisher’s boyfriend and that he had
been staying with Fisher in the room. The manager also testified that after
Appellant had been arrested, his parents stopped by the motel room to pick up
some of his “stuff” that was in the room. Furthermore, the motel manager
testified that she had seen Appellant and Fisher with propane tanks in the room.
        Appellant contends that the evidence does not establish that he resided
in the motel room or that any of the drugs or drug paraphernalia belonged to
him. However, we conclude that the evidence establishing Appellant’s
possession of the drugs and drug paraphernalia is not outweighed by evidence
to the contrary. The State was not required to prove that Appellant exercised
exclusive control, management, or care over the drugs. See Poindexter, 153
S.W.3d at 412; Cude, 716 S.W.2d at 47. The State had to show only that his
“connection with the drug[s and drug paraphernalia] was more than just
fortuitous.” Poindexter, 153 S.W.3d at 405-06. The fact that other people
resided in or visited the motel room did not preclude a finding that Appellant
possessed the drugs and drug paraphernalia. Moreover, the jury was free to
believe or disbelieve witnesses’ testimony regarding who did or did not reside
in room 121 of the Interstate Motel. See Zuniga, 144 S.W.3d at 484-85; Cain,
958 S.W.2d at 407. Thus, viewing the evidence in the light most favorable to
the verdict, we hold that a rational trier of fact could have found the essential
elements of the charged offenses beyond a reasonable doubt. Jackson, 443
U.S. at 319. Furthermore, viewing all the evidence in a neutral light, favoring
neither party, we also conclude that the evidence supporting the verdict, taken
alone, is not too weak to support the finding of guilt beyond a reasonable doubt
and that the contrary evidence is not so strong that guilt cannot be proven
beyond a reasonable doubt. Zuniga, 144 S.W.3d at 481. Accordingly, we hold
that the evidence is both legally and factually sufficient to support Appellant’s
conviction. We overrule Appellant’s third point.
Conclusion
        Having overruled Appellant’s three points on appeal, we affirm the trial
court’s judgment.
 
                                                                  PER CURIAM


PANEL B: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 11, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.