NUMBER 13-04-583-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JOHN CLAY, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 156th District Court of Bee County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo


Memorandum Opinion by Chief Justice Valdez


 

 Appellant, John Tyrone Clay, was convicted of aggravated sexual assault of a child
on March 12, 1992 (1) and subsequently discharged from prison on August 21, 2001. On
March 13, 2004, Clay was arrested and charged by indictment for unlawful possession of
a firearm by a felon. (2) See Tex. Pen. Code Ann. § 46.04(a)(1) (Vernon Supp. 2005). Clay
pleaded not guilty to the offense. A jury found Clay guilty, and the trial court sentenced him
to forty years' imprisonment. This appeal ensued. By two issues, appellant asserts that
the evidence is legally and factually insufficient to sustain his conviction. For the reasons
that follow, we affirm the trial court's judgment.

I. BACKGROUND

 On January 20, 2004, appellant and a friend entered an EZ Pawn store in Beeville,
Texas, to pawn a Stevens Bolt-Action 22-gauge rifle. The store clerk testified that
appellant brought the weapon into the store. Appellant presented his Alabama driver's
license to complete the pawn transaction and signed the pawn ticket. Appellant then
received the cash and pawn ticket.

 In late January 2004, Officer Linam, an investigator with the Bee County Sheriff's
Office, collected duplicate copies of pawn tickets issued by EZ Pawn. Officer Linam, as
part of his regular duties, collects pawn shop tickets and checks the tickets against stolen
property lists. Additionally, Officer Linam has his dispatchers run criminal histories for
every individual that pawns a firearm. One of the tickets, dated January 20, 2004,
identified appellant by his Alabama Driver's License number, indicated appellant had
pawned a firearm, and bore his signature. The background check revealed appellant's
prior felony conviction, and an arrest warrant was issued.

 On March 13, 2004, appellant was arrested on the warrant. The arresting officer
testified that appellant, after learning why he was being arrested, told the officer that he
had lost his wallet and someone else must be using his identification. 

 At trial, the State offered the testimony of Lorenzo Garcia, the clerk who filled out
the pawn ticket. Garcia identified appellant as the individual who brought the weapon into
the store. He also testified that he recognized appellant from his prior visits to the pawn
shop. Garcia testified that appellant was accompanied by an unknown male, but
maintained that appellant actually carried the weapon. 

 Appellant claims that he pawned the gun for a friend, Elbert Thomas, and that
Thomas accompanied him to the pawn shop and maintained possession of the gun at all
times. Appellant introduced testimony of Diana Smith, Thomas' fiancee, stating that she
owned the gun and had asked Thomas to pawn it. Smith also testified that she possessed
the pawn ticket, given to her by Thomas, and had unsuccessfully attempted to redeem the
weapon because it was subject to a police hold pending appellant's trial. 

II. STANDARD OF REVIEW


 When reviewing the legal sufficiency of the evidence, we consider all of the
evidence in the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Vodochodsky v. State, 158 S.W.3d 502,
509 (Tex. Crim. App. 2005). The standard of review is applicable in both direct and
circumstantial evidence cases. Burden v. State, 55 S.W.3d 608, 613 (Tex. Crim. App.
2001). We are not fact finders; our role is that of a due process safeguard, ensuring only
the rationality of the trier of fact's finding of the essential elements of the offense beyond
a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988. 
The jury is the exclusive judge of the witnesses' credibility and their testimony's weight, and
it is within the jury's province to resolve evidentiary conflicts. See id.; Westbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 

 In a factual sufficiency review, we view the evidence in a neutral light and will set
aside a verdict only if the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477, 484-85
(Tex. Crim. App. 2004)). We must discuss the evidence appellant claims is the most
important in allegedly undermining the jury's verdict. Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). A clearly wrong or unjust verdict occurs when the jury's finding
"shocks the conscience" or "clearly demonstrates bias." Santellan v. State, 939 S.W.2d
155, 164-65 (Tex. Crim. App. 1997). 

 In a criminal conviction, sufficiency of the evidence is determined by the elements
of the crime as defined by the hypothetically correct jury charge. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). The correct charge "would be one that
accurately sets out the law, is authorized by the indictment, does not necessarily increase
the State's burden of proof or unnecessarily restrict the State's theories of liability, and
adequately describes the particular offense for which the defendant was tried." Id.

III. ANALYSIS

 Appellant asserts that the evidence is legally and factually insufficient because the
pawn ticket and the pawn store clerk's testimony does not establish that he possessed the
firearm. In support of his argument, appellant contends that (1) Garcia's testimony is
suspect because he cannot remember any details other than the fact that appellant
pawned the weapon, and (2) there is no other evidence of possession.

 In this case, appellant was convicted of unlawful possession of a firearm by a felon. 
To establish unlawful possession of a firearm by a felon, the State was required to show
appellant: (1) was previously convicted of a felony offense; and (2) possessed a firearm
after the conviction and before the fifth anniversary of his release from confinement or from
supervision under community supervision, parole, or mandatory supervision, whichever
date is later. See § 46.04(a)(1). 

 It is undisputed that appellant was earlier convicted of a felony offense, aggravated
sexual assault of a child. It is also undisputed that appellant was discharged from prison
on August 21, 2001. The pawn shop ticket was dated January 20, 2004, well within the
statute's applicable period of five years. See id.

 "Possession means actual care, custody, control, or management." Tex. Pen. Code
Ann. § 1.07(a)(39) (Vernon Supp. 2004-05). A person commits a possession offense only
if he voluntarily possesses the prohibited item. See id. § 6.01(a) (Vernon 2003).
"Possession is a voluntary act if the possessor knowingly obtains or receives the thing
possessed or is aware of his control of the thing for a sufficient time to permit him to
terminate his control." Id. § 6.01(b). 

 In cases involving unlawful possession of a firearm by a felon, we analyze the
sufficiency of the evidence under the rules adopted in cases of possession of a controlled
substance. Coleman v. State, 188 S.W.3d 708, 720 (Tex. App.-Tyler 2005, pet. ref'd);
Bates v. State, 155 S.W.3d 212, 216 (Tex. App.-Dallas 2004, no pet.). The State must
show that appellant: (1) exercised actual care, control, or custody of the firearm; (2) was
conscious of his connection with it; and (3) possessed the firearm knowingly or
intentionally. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); Smith v. State,
176 S.W.3d 907, 916 (Tex. App.-Dallas 2005, no pet.). The State's evidence must show
that the appellant's connection with the firearm was more than just fortuitous. See
Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995). 

 Appellant testified that he did not bring the weapon into the store; his friend brought
the weapon and appellant merely gave the pawn store clerk his driver's license because
his friend did not have identification. In support of this, appellant offered Diana Smith's
testimony that she owns the gun and asked Thomas to pawn it. But the relevant standard
for felon in possession of a firearm is possession, not ownership. See § 46.04(a)(1) ("A
person who has been convicted of a felony commits an offense if he possesses a firearm")
(emphasis added). Moreover, it is within the jury's exclusive province to resolve conflicts
in the evidence by making determinations of the credibility of witnesses. See Westbrook,
29 S.W.3d at 111; Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). 
Examining the evidence in the light most favorable to the jury's verdict, we conclude that
the jury could have determined beyond a reasonable doubt that appellant knowingly and
intentionally possessed the firearm. Therefore, we hold that the evidence is legally
sufficient to support the jury's verdict. (3) Appellant's first issue is overruled.

 In his second issue, appellant contends that the evidence in this case is factually
insufficient to support a conviction. The evidence contrary to the verdict showed: (1) the
pawn store clerk had difficulty remembering details other than appellant's involvement in
pawning the firearm; (2) appellant testified that he gave his driver's license number so
Thomas could pawn the firearm; (3) Thomas's fiancee testified that she was the owner of
the firearm and asked Thomas to pawn it; and (4) appellant denied possessing the firearm
and denied receiving the money or pawn ticket. After reviewing the evidence in a neutral
light with consideration given to all of the evidence, both for and against the jury's finding,
we conclude that the proof of appellant's guilt is not so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render appellant's conviction clearly wrong or
manifestly unjust. Therefore, we hold that the evidence is factually sufficient to support
the jury's verdict. Appellant's second issue is overruled.

IV. CONCLUSION

 We conclude that the evidence is legally and factually sufficient to support a
conviction for unlawful possession of a firearm by a felon. We overrule both of appellant's
issues and affirm the trial court's judgment. 

 ________________________

 ROGELIO VALDEZ

 Chief Justice


Do Not Publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 24th day of August, 2006.
1. Trial court's cause number is 91CR-5499.
2. Appellant was also charged with two counts of failure to register as a sex offender, but the State
dismissed the charges in order to re-file.
3. See Riggs v. State, No. 10-03-00090-CR, Tex. App. LEXIS 8361 (Waco, Sept. 15, 2004, pet. ref'd)
(not designated for publication) (holding that pawn shop employee's testimony that accused brought a shotgun
into store and possession of signed pawn ticket is legally sufficient evidence for conviction).