**Craig Alan CUDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09-84-066 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 28, 1984.

Rehearing Denied Dec. 17, 1984.

B. Warren Goodson, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted of possession of a controlled substance (Group I) by a jury which found two enhancement allegations to be true. The jury assessed punishment at thirty years in the Texas Department of Corrections. Appeal has been perfected to this Court.

Ground of Error No. 1:

"The evidence is insufficient to sustain the Appellant's conviction."

On the tip of an informant, a Beaumont detective knocked on the door of Apartment No. 113 of the Twin Mansions Apart-

ments. This was between 5 p.m. and 6 p.m. on August 20, 1983. Appellant appeared drunk but the officer smelled no alcohol. Appellant invited the officer in the apartment; the latter purchased Amytal from the appellant (the purchase of Amytal was suppressed from the jury by the Court). On a signal, two officers showed up, arrested appellant, and he was taken to the jail. Another detective secured a search warrant. The officers thereafter searched the apartment and found a quantity of controlled substances, including the one for which appellant was arrested.

■ Appellant correctly argues that under the Texas law it must be shown that the appellant exercised, either singularly or jointly, care, custody, control and management over the contraband, citing among other cases, *Curtis v. State*, 519 S.W.2d 883 (Tex.Crim.App.1975).

■ The apartment was leased to appellant's brother, Mark, and apparently another brother, Glenn, lived there. However, Mark testified that when he (Mark) went to work that morning, none of the contraband found in the apartment was there. And, Glenn left for work before Mark. There was another person present when appellant was arrested but he was shown to live in another apartment of the same complex. An employee of the Texas Department of Corrections testified appellant told him he lived in Apartment 113 (where the contraband was found). One of the officers testified without objection that "[i]t appeared that Mr. Cude [appellant] was in control of the premises at that time" and "I got the impression he [the other person present at the arrest] was visiting." There was no objection to this testimony. We believe this evidence satisfies *Curtis v. State, supra,* and *Flores v. State*, 650 S.W.2d 429 (Tex.Crim.App.1983). This ground of error is overruled.

Appellant's final ground of error complains of three separate complaints of portions of the prosecutor's argument. The ground of error is multifarious and not in

compliance with *TEX. CODE CRIM. PROC. ANN. art. 40.09* (Vernon Supp.1984). *Morgan v. State*, 545 S.W.2d 811 (Tex.Crim. App.1977). This ground of error is overruled.

The judgment of the trial court is affirmed.