**Craig Alan CUDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 107–85.**

Court of Criminal Appeals of Texas, En Banc.

March 5, 1986.

B. Warren Goodson, Jr., Beaumont (Court-appointed), for appellant.

James S. McGrath, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., and Julie B. Pollock, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a conviction for possession of less than twenty-eight grams of Oxymorphone, a Penalty Group I controlled substance. Appellant pled not

guilty in a trial before a jury. The jury, after finding appellant guilty and further finding two enhancement allegations to be true, assessed punishment at thirty years in the Texas Department of Corrections. See V.T.C.A., Penal Code Sec. 12.42(d).

On appeal to the Beaumont Court of Appeals, appellant alleged insufficiency of the evidence and error in denying a motion for a mistrial after the prosecutor made reference in final argument to extraneous matters. The Court of Appeals affirmed, *Cude v. State*, 690 S.W.2d 18 (Tex.App.— Beaumont 1984).

Appellant filed a motion for rehearing in the Court of Appeals on the improper jury argument claim which was overruled. Appellant now petitions this Court for review on both of the grounds originally alleged in the Court of Appeals. Because we find merit in appellant's sufficiency claim, we do not reach the second issue. We will reverse.

On August 20, 1983, an undercover police officer went to apartment #113 of the Twin Mansions Apartments in Beaumont on a pretense of asking directions. Appellant answered the door. The officer testified that he was invited into the apartment by the appellant. There were two people present in the apartment. After having a conversation with the parties, the appellant sold some Amytal to the officer. Appellant was then placed under arrest. Approximately three hours later, police obtained a search warrant for the apartment and found six capsules of Oxymorphone, not on the person of the appellant but in a refrigerator in the kitchen. Appellant was later charged with possession of Oxymorphone but not for the sale of Amytal.

Appellant alleges the evidence is insufficient because the State has not shown he exercised control over the apartment; therefore, he could not have had possession of the Oxymorphone. Appellant was not on trial for the sale of Amytal; in fact, that sale was suppressed as an extraneous offense, not to be admitted at this trial. The State for an unknown reason elected to try the appellant for the possession of Oxymor-

phone. It is appellant's contention that mere presence, at a residence, not his own, does not constitute control over any contraband that is found there. Although arrested in apartment #113, appellant was not the lessee of apartment #113 or any other unit in the Twin Mansions complex.

██ In an unlawful possession of a controlled substance case, the State must prove that the accused exercised care, control and management over the contraband. *Nunn v. State*, 640 S.W.2d 304 (Tex.Cr. App.1982); *Rhyne v. State*, 620 S.W.2d 599 (Tex.Cr.App.1981). We note that the control need not be exclusive, but can be jointly exercised with one or more persons. *Wilkes v. State*, 572 S.W.2d 538 (Tex.Cr. App.1978); *Collini v. State*, 487 S.W.2d 132 (Tex.Cr.App.1972). However, when an accused is not in *exclusive* possession of the *place* where the contraband is found, it cannot be concluded that the accused had knowledge of or control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Flores v. State*, 650 S.W.2d 429 (Tex.Cr. App.1983); *Rhyne*, supra; *Olguin v. State*, 601 S.W.2d 941 (Tex.Cr.App.1980).

██ In the present case, the only facts introduced to show appellant may have had control over the premises was testimony of a police officer that "it appeared that Mr. Cude [appellant] was in control of the premises at that time" and "I got the impression he [the other person present at the arrest] was visiting". There is also testimony of an employee of the Texas Department of Corrections that appellant told him he stayed in apartment #113, but no specific point in time is mentioned. The record shows that Mark Cude, the brother of appellant, was the lessee of the apartment in question at the time.

The Court of Appeals held that *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975), cited by appellant, is a correct statement of the law in Texas. The Court of Appeals found, however, that the aforementioned testimony satisfied the standard in *Curtis*,

supra, and *Flores,* supra. The Court of Appeals also made note of the fact that there was no objection to this testimony.

We agree that *Curtis* and *Flores,* supra, is good law, but find that the facts of this case and the testimony introduced by the State insufficient to show that appellant exercised control over the premises and there are no independent facts and circumstances that link the accused to the controlled substance. The record clearly shows that someone other than the appellant leased the premises that were searched. The evidence shows that the controlled substance in question was not found on the person of the appellant. There is no evidence that any clothing or other property indicating that appellant lived at the residence was found there. The testimony of the police officer is pure speculation and creates no more than a suspicion that appellant could have been in joint or exclusive possession of the premises. See *Nunn,* supra. There has been no showing of an affirmative link between appellant and the controlled substance. The evidence is clear and conclusive that the appellant was only a visiting guest. *Curtis,* supra; *Flores,* supra; *Rhyne,* supra; *Olguin,* supra. Additionally, the absence of an objection is immaterial because the testimony introduced is insufficient to establish guilt. Cf. *Gardner v. State,* 699 S.W.2d 831 (Tex.Cr.App.1985).

Accordingly the judgments of the Court of Appeals and trial court are reversed, and the cause is remanded to the trial court with instructions to enter an acquittal.