NO. 07-03-0414-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 28, 2004


______________________________



MUSA JACC aka MUSA FOFANA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 47,357-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Musa Jacc aka Musa Fofana (appellant) appeals his conviction for possessing
between 50 and 2000 pounds of marijuana, a second degree felony. The substance,
which actually weighed approximately 132 pounds, was found wrapped in checkered
colored nylon bags in the rear compartment of a rental truck. The bags were surrounded
by old furniture, which furniture appellant loaded along with Luther Bennett. The latter
rented and drove the truck. The two initially left from Georgia to San Diego, California, to
deliver an armoire, and were returning with the old furniture when stopped by law
enforcement officials. Appellant, who was riding in the passenger seat at the time, denied
all knowledge of the drug. Nevertheless, a jury found him guilty of the aforementioned
charge, and judgment was entered on that verdict. 

 Via four issues, appellant attacks the legal and factual sufficiency of the evidence
establishing that he knowingly possessed and exercised care and control over the
marijuana. We affirm the judgment.

 Standard of Review

 The applicable standards of review are described in Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Dewberry v. State, 4 S.W.3d 735 (Tex. Crim.
App. 1999), cert denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000), and King
v. State, 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the litigants to those cases in
lieu of discussing the standards at length.

 Next, to convict one of possessing a controlled substance, the State must prove
beyond a reasonable doubt that the defendant exercised care, custody, control, or
management over the substance knowing it was contraband. See Tex. Health & Safety
Code Ann. §§481.002(38) & 481.112(a) (Vernon 2003); see also King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995). Control over the drug need not be exclusive, but
can be jointly exercised with another. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App.
1986). 

 Application of the Standard

 As previously mentioned, appellant denied knowing that the controlled substance
was present in the back of the truck. So too did he testify that he had only met Bennett
once before agreeing to travel cross country with him in exchange for $300. Of course,
Bennett testified that he had known appellant for several years and they "hung out
sometimes." 

 Bennett also testified that after the two were arrested and while they sat in jail
awaiting trial, he received several letters from appellant. Through them, appellant asked
Bennett to inform the authorities that he (appellant) had "nothing to do with it" and that it
was "your pot." This would enable him (appellant) to leave jail and avoid deportation. In
return, appellant would pay Bennett $4000 and help secure his release. Upon receiving
the first of the letters, Bennett testified that he grew angry "[b]ecause he [appellant] wanted
me to take the blame for something . . . they did." (Emphasis added). 

 To the foregoing we add the evidence that the back of the truck was accessible to
appellant (given that it was not locked), that appellant had taken no change of clothes for
the trip (indicating that the two were simply going to rush cross country and back), that San
Diego was a prime location for acquiring drugs, that the quantity of drugs was rather large
(132 lbs.), that the old furniture (which appellant helped load) was arranged around the
nylon bags containing the drugs, that appellant appeared nervous and stuttered when
conversing with the law enforcement officials who stopped them, that appellant's story was
inconsistent with that of Bennett (the former denied taking an armoire to San Diego while
the latter told the officers they had), and that the truck was rife with empty food wrappers
which also indicated that the two were eating "on the go." And, from the amalgam, we
conclude that the evidence was sufficient to enable a rational jury to conclude beyond all
reasonable doubt that both appellant and Bennett knowingly exercised care, custody and
control over the drugs. 

 Admittedly, the evidence was not uncontroverted. As previously mentioned,
appellant did deny culpability. Yet, in doing so, he presented the jury with opportunity to
exercise its authority to resolve evidentiary disputes and assess witness credibility. 
Obviously, it rejected appellant's version, and given the state of the record, we cannot say
that it erred in doing so. In other words, the evidence contradicting appellant's guilt does
not overwhelm that which supports guilt. Nor is the latter so weak as to render a finding
of guilt manifestly unjust. 

 Accordingly, each issue is overruled. We hold that the verdict is supported by
legally and factually sufficient evidentiary support and affirm the judgment.


 Per Curiam


Do not publish. 



lass="WPFloatStyle">' );
 document.write( WPFootnote1 );
 document.write( '
Close' );
 document.write( '' );
 }


          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.



                                                                           Mackey K. Hancock

                                                                                     Justice





Do not publish.