NO. 07-03-0414-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 28, 2004
_____

MUSA JACC aka MUSA FOFANA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 47,357-E; HON. ABE LOPEZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Musa Jacc aka Musa Fofana (appellant) appeals his conviction for possessing between 50 and 2000 pounds of marijuana, a second degree felony. The substance, which actually weighed approximately 132 pounds, was found wrapped in checkered colored nylon bags in the rear compartment of a rental truck. The bags were surrounded by old furniture, which furniture appellant loaded along with Luther Bennett. The latter rented and drove the truck. The two initially left from Georgia to San Diego, California, to

deliver an armoire, and were returning with the old furniture when stopped by law enforcement officials. Appellant, who was riding in the passenger seat at the time, denied all knowledge of the drug. Nevertheless, a jury found him guilty of the aforementioned charge, and judgment was entered on that verdict.

Via four issues, appellant attacks the legal and factual sufficiency of the evidence establishing that he knowingly possessed and exercised care and control over the marijuana. We affirm the judgment.

*Standard of Review*

The applicable standards of review are described in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Dewberry v. State*, 4 S.W.3d 735 (Tex. Crim. App. 1999), *cert denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000), and *King v. State*, 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the litigants to those cases in lieu of discussing the standards at length.

Next, to convict one of possessing a controlled substance, the State must prove beyond a reasonable doubt that the defendant exercised care, custody, control, or management over the substance knowing it was contraband. *See* TEX. HEALTH & SAFETY CODE ANN. §§481.002(38) & 481.112(a) (Vernon 2003); *see also King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). Control over the drug need not be exclusive, but can be jointly exercised with another. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).

*Application of the Standard*

As previously mentioned, appellant denied knowing that the controlled substance was present in the back of the truck. So too did he testify that he had only met Bennett

2

once before agreeing to travel cross country with him in exchange for $300. Of course, Bennett testified that he had known appellant for several years and they "hung out sometimes."

Bennett also testified that after the two were arrested and while they sat in jail awaiting trial, he received several letters from appellant. Through them, appellant asked Bennett to inform the authorities that he (appellant) had "nothing to do with it" and that it was "your pot." This would enable him (appellant) to leave jail and avoid deportation. In return, appellant would pay Bennett $4000 and help secure his release. Upon receiving the first of the letters, Bennett testified that he grew angry "[b]ecause he [appellant] wanted me to take the blame for something . . . *they* did." (Emphasis added).

To the foregoing we add the evidence that the back of the truck was accessible to appellant (given that it was not locked), that appellant had taken no change of clothes for the trip (indicating that the two were simply going to rush cross country and back), that San Diego was a prime location for acquiring drugs, that the quantity of drugs was rather large (132 lbs.), that the old furniture (which appellant helped load) was arranged around the nylon bags containing the drugs, that appellant appeared nervous and stuttered when conversing with the law enforcement officials who stopped them, that appellant's story was inconsistent with that of Bennett (the former denied taking an armoire to San Diego while the latter told the officers they had), and that the truck was rife with empty food wrappers which also indicated that the two were eating "on the go." And, from the amalgam, we conclude that the evidence was sufficient to enable a rational jury to conclude beyond all reasonable doubt that both appellant and Bennett knowingly exercised care, custody and control over the drugs.

3

Admittedly, the evidence was not uncontroverted.  As previously mentioned, appellant did deny culpability.  Yet, in doing so, he presented the jury with opportunity to exercise its authority to resolve evidentiary disputes and assess witness credibility.  Obviously, it rejected appellant's version, and given the state of the record, we cannot say that it erred in doing so.  In other words, the evidence contradicting appellant's guilt does not overwhelm that which supports guilt.  Nor is the latter so weak as to render a finding of guilt manifestly unjust.

Accordingly, each issue is overruled.  We hold that the verdict is supported by legally and factually sufficient evidentiary support and affirm the judgment.


Per Curiam


Do not publish.

4