Ramirez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-04-253-CR

        
2-04-254-CR

JAIME RAMIREZ, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant appeals his conviction for possession with intent to deliver cocaine, methamphetamine and 3, 4-methylenedioxy methamphetamine (“ecstasy”).  In three issues, he contends that the evidence is factually insufficient to support his conviction.  We will affirm.

On June 6, 2002, a Fort Worth police officer obtained and executed a search warrant for 1609 Beach Street in Fort Worth based on information from a confidential informant.  No one was at the residence when the officers arrived, so they entered the house by force.  Once inside, they noticed that two of the bedroom doors were padlocked.  In one of the bedrooms, they found digital scales, a semi-automatic weapon, a video camera, and several controlled substances, including cocaine, methamphetamine, and ecstasy. 

While the search was underway, appellant and two other people arrived at the house.  Appellant exited the car and walked up to the front door.  Police officers met him and arrested him. 

Appellant was charged with intent to deliver cocaine, methamphetamine, and ecstasy.  A jury found him guilty of the offenses charged and assessed punishment at eleven years' confinement.

In three issues, appellant contends that his convictions should be reversed and that he should be granted a new trial because the evidence is factually insufficient to prove that the controlled substances seized from 1609 Beach Street belonged to him.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all of the evidence in a neutral light, favoring neither party.  
See
 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id.
 at 484.

There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id.
 at 484-85.  In making these determinations, we are to give deference to the fact finder’s determinations.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder.  
Zuniga
, 144 S.W.3d at 482.

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses the substance.  
Tex. Health & Safety Code Ann.
 § 481.115 (Vernon 2003).  To prove unlawful possession of a controlled substance, the State must prove that (1) the accused exercised control, management, or care over the substance and (2) the accused knew the matter possessed was contraband. 
 Poindexter v. State
, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). 
 The accused may have either exclusive or joint possession of the controlled substance.  
Cude v. State
, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).  When the accused is not in exclusive possession of the place where the substance is found, his knowledge of and control over the contraband cannot be established unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband.  
Poindexter, 
153 S.W.3d at 406.  The State’s evidence, whether direct or circumstantial, "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous.”  
Id.
 at 405-06.

In this case, the State presented the following evidence to show that appellant exercised control, management, or care over the 
drugs that were found at 1609 Beach Street:

A police informant reported that appellant was selling cocaine from 1609 Beach Street and delivering cocaine to customers in a 1984 black Mercedes. Appellant’s car, a 1984 black Mercedes, was parked in front of the house on the day the drugs were seized.  Appellant arrived at the house while the police were executing the search warrant with a key that opened the lock on the door to the room in which the drugs were found.  The police found a camcorder containing a videotape that showed appellant inside the room where the drugs were found.  On the videotape, appellant held a black bag that contained drugs and rifled through the drugs with his hands.   Both the bag and the drugs on the videotape were similar to those confiscated by the police.  A police officer saw an identification card bearing appellant’s picture inside the room where the drugs were found.  And, at trial, appellant demonstrated knowledge of the drugs that were confiscated. 

Appellant contends that this evidence is outweighed by evidence establishing that he did not reside in the house where the drugs were found.  He testified that his car was parked at the house because it was leaking oil and because he wanted to explain to the residents why he had been there earlier that day with the police in tow.  
Appellant denied having a key to the door to the room in which the drugs were found.  The record also shows that several other individuals arrived at the house while the police were executing the search warrant, that at least one other “Jaime” was identified on the videotape confiscated by the police during their search of the house, and that the police did not find any drugs in appellant’s car or on his person.

We conclude that the evidence establishing appellant’s possession of the 
drugs
 is not outweighed by evidence to the contrary.  The State was not required to prove that appellant exercised exclusive control, 
management, or care over the 
drugs,
 
see
 
Poindexter
, 153 S.W.3d at 412; 
Cude, 
716 S.W.2d at 47,
 only that his “connection with the drugs was more than just fortuitous.”  
Poindexter
, 153 S.W.3d at 
405-06
.  
The fact that other people resided in and visited the house, and that another person named “Jaime” had some connection with the drugs, did not preclude a finding that appellant possessed the drugs.  Moreover, the jury was free to believe or disbelieve appellant’s testimony about the reason his car was at the house and his ownership of the key to the room where the drugs were found.  
See Zuniga, 
144 S.W.3d at 481; 
Cain, 
958 S.W.2d at 407
. 
 Therefore, considering the evidence in a neutral light, we hold that the jury was rationally justified in finding appellant guilty beyond a reasonable doubt.  
See Zuniga, 
144 S.W.3d at 48
4.  Accordingly, we overrule appellant’s issues and affirm the trial court’s judgments.

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired , Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 May 26, 2005

FOOTNOTES
1:
See 
Tex.
 R. App. P.
 47.4.