**Oliver EVANS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–04–00249–CR.

Court of Appeals of Texas,
San Antonio.

March 7, 2007.

From the 290th Judicial District Court, Bexar County, Texas, Trial Court No. 2003–CR–2895; Fred Shannon, Judge Presiding.[1]

Richard E. Langlois, Law Office of Richard E. Langlois, San Antonio, for appellant.

Kevin P. Yeary, Asst. Crim. Dist. Atty., San Antonio, for appellee.

1. Sitting by assignment.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, STEVEN C. HILBIG, Justice.

## MEMORANDUM OPINION

### OPINION ON REMAND

Opinion by STEVEN C. HILBIG, Justice.

Appellant, Oliver Evans, Jr., was convicted of possession of cocaine. On original appeal to this Court, he argued the evidence was legally and factually insufficient to support his conviction for possession of a controlled substance. This Court agreed the evidence was legally insufficient and rendered a judgment of acquittal. *Evans v. State*, 185 S.W.3d 30, 37 (Tex.App.-San Antonio 2005), *rev'd*, 202 S.W.3d 158 (Tex.Crim.App.2006). On petition for discretionary review, however, the court of criminal appeals held this Court failed to view the evidence in the light most favorable to the verdict as required, reversed the judgment, and remanded for further proceedings consistent with its opinion. *Evans v. State*, 202 S.W.3d 158, 166 (Tex.Crim.App.2006). After considering the evidence upon remand, we hold there is legally and factually sufficient evidence to support the conviction. Accordingly, we affirm the trial court's judgment.

## GROUNDS FOR REVIEW

Appellant raises two grounds for review: (1) the evidence is legally insufficient to support his conviction for possession of a controlled substance; and (2) the evidence is factually insufficient to support his conviction for possession of a controlled substance. Within each ground, Appellant contends there was insufficient evidence to "affirmatively link" him to the cocaine because the only evidence connecting him to the drugs was presence and proximity. Using the appropriate standards and scopes of review, we will review the evidence and determine if it is legally and factually sufficient to support the verdict.

## THE EVIDENCE

In the evening hours of November 18, 2002, San Antonio Police Officer Adelbert Patrick Reyes and his partner, Officer David Larios, were "targeting" a known drug-trafficking area. While sitting in their unmarked car they observed a woman, later identified as Terry Lee, walk toward a vehicle, make contact with someone inside, and then walk away. Fifteen or twenty minutes later, Lee returned as a passenger in a van that was traveling with it headlights turned off. Lee got out of the van and walked toward the original vehicle. When Officers Reyes and Larios got out of their car and started toward the van, Lee threw something on the ground and began running. Officer Larios caught Lee and retrieved the item she had thrown to the ground—a package of rock cocaine. Meanwhile, Officer Reyes approached the van and saw crack cocaine on the driver's floorboard and on the rear floorboard next to a back seat passenger. The officers arrested Lee, Robert Ochoa (the driver), and the back seat passenger, Cynthia Priestly.

Lee advised the officers they could find more drugs at Priestly's home located at 923 Lombrano. Priestly agreed to allow the officers to search her home and signed a consent-to-search form. Officers Reyes and Larios, as well as two other officers, accompanied Priestly to her home at 923 Lombrano. Officer Reyes stated he could see Appellant through the transparent storm door. Appellant was sitting in a chair or on a couch in the living room watching television and talking on the telephone. The officers walked through the unlocked door and Appellant hung up the telephone. When the officers asked Ap-

pellant if he knew why they were there, he stated "Drugs." Approximately one foot in front of Appellant was a coffee table cluttered with many items including numerous baggies and pill bottles, all of which were in plain view. Appellant did not take any action to touch or conceal the drugs or the paraphernalia. The baggies and the pill bottles contained cocaine in either powder or rock form. It was stipulated the cocaine in the baggies and pill bottles weighed approximately fourteen grams and had a street value of $1,300.00.

The officers arrested Appellant and discovered $160.00 in twenty dollar bills in his pocket. The police then searched the rest of the house. In the front bedroom, the officers found a large quantity of men's clothing and in the back bedroom they found women's clothing. In the living room they discovered "a lot of letters" addressed to Appellant at 923 Lombrano. One, a handwritten letter from a "Mr. CED.D. Haynes, # 887472, Lynaugh Unit, 1098 S. Hwy 2037, Fort Stockton, Tx. 79755," was postmarked October 28, 2002, less than a month before the search. No other drugs or people were found in the house. After the search, the officers brought Priestly inside. She told the officers several times that all the drugs were hers and that Appellant, her nephew, had no knowledge of them.

Appellant was indicted on two counts—possession of a controlled substance with intent to deliver and simple possession. At his trial, the jury heard the facts as set forth above. The jury also heard testimony from Appellant's ex-wife, Joslyn Jorden. She testified she was in the Army and stationed at Fort Hood. She claimed Appellant actually lived with their two sons at her parents' home approximately fifteen miles from the Lombrano address. She also asserted she never sent mail to Appellant at 923 Lombrano. She stated that on weekends she would come to San Antonio to visit her family and help Appellant fill out job applications. Jorden testified that Priestly lived with Appellant's grandmother at 923 Lombrano and Appellant was simply "checking" on the house while his grandmother was in Oklahoma. It was necessary for Appellant to check on the house, according to Jorden, because Priestly was involved with drugs and had taken several items from the home and sold them. Jorden testified that on the night of the arrest Appellant had called her from 923 Lombrano while he was "checking" the house. During the call she heard scuffling and then "the phone hung up." When she called back, a police officer answered and informed her Appellant was going to jail. Jorden also testified the coffee table was more than an arm's length away and to get to the coffee table from where Appellant was sitting, one would have to get up and walk to the coffee table.

Appellant was convicted of simple possession but acquitted of the charge of possession with intent to deliver. In accordance with Appellant's election, the trial court imposed a prison sentence of ten years. It is this conviction from which Appellant appeals.

## APPLICABLE LAW

In deciding whether evidence is legally sufficient to support a conviction, "the reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App.2005). In deciding whether there is factually sufficient evidence to support a conviction, the reviewing court must view all of the evidence in a neutral light to determine whether the great weight and preponderance of the

evidence contradicts the jury's verdict. *Watson v. State,* 204 S.W.3d 404, 417 (Tex. Crim.App.2006).

■■■ To establish possession of a controlled substance, the State must present legally and factually sufficient evidence to prove: "(1) the accused exercised control, management, or care over the substance[,] and (2) the accused knew the matter possessed was contraband." *Poindexter,* 153 S.W.3d at 405. A person's possession of contraband need not be exclusive; it is sufficient if the evidence establishes the accused jointly possessed the contraband with another. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App.1986).

■■■ In a possession case, whether the evidence is direct or circumstantial, it must establish the defendant's connection with the drugs was more than fortuitous. *Poindexter,* 153 S.W.3d at 405–06. This standard is often referred to as the "affirmative links" rule.[2] *Id.* at 406. This rule is not an independent test of legal sufficiency; rather, the term is merely used as a "shorthand catch phrase for a large variety of circumstantial evidence that may establish the knowing 'possession' or 'control, management, or care' of . . . contraband." *Evans,* 202 S.W.3d at 161 n. 9.

### ANALYSIS

Analyzing the evidence using the proper standards and scopes of review, we hold the evidence is legally and factually sufficient to support Appellant's conviction for possession of a controlled substance, namely cocaine. More specifically, there is legally and factually sufficient evidence to establish Appellant knowingly exercised control, management, and care over the cocaine.

First, Appellant was present when the officers executed the search and found the drugs. Second, the drugs were in plain view, directly in front of Appellant. Third, the drugs were less than an arm's length away from Appellant. Fourth, Appellant was in the house alone at the time the drugs were found and had seemingly made himself comfortable, watching television and talking on the phone. Fifth, when asked by officers if he knew why they were there Appellant immediately responded, "Drugs." Sixth, the amount and location of the drugs permits an inference that Appellant had knowledge of the drugs. Seventh, he received mail at the address where the drugs were found, permitting an inference that he lived there and thus had care, custody, and control of items in the house, especially those items in plain view in the common areas of the house. Eighth, men's clothing was found in one of the bedrooms—another fact permitting an inference that Appellant lived at 923 Lombrano. Finally, Appellant, who according to his own witness was unemployed, had $160.00 in twenty dollar bills in his pocket. The money, the fact that Appellant was unemployed, and his close proximity to the drugs and drug paraphernalia permits an inference that the money may have derived from illegal sources. Considering this evidence in totality, rather than considering each item in isolation, we hold there is sufficient evidence to support the jury's verdict and that a rational trier of fact could find all the essential elements of the offense beyond a reasonable doubt.

We recognize Appellant produced controverting evidence suggesting an alternate explanation for his presence in the

---

**2.** The court of criminal appeals has decided henceforth to change its terminology and refer to the concept of "affirmative links" as merely "links." *Evans,* 202 S.W.3d at 161 n. 9.

house. He also produced some evidence to show he did not live at 923 Lombrano, and that the drugs were not his or within arm's length. We presume the jury weighed the evidence, made credibility assessments of the witnesses, and considered potential alternate scenarios before coming to the conclusion that Appellant possessed the cocaine discovered at 923 Lombrano. *See Evans,* 202 S.W.3d at 164. After weighing the evidence, judging the credibility of the witnesses, and considering the alternate scenarios suggested by Appellant, the jury concluded Appellant possessed cocaine. Considering all the evidence in a neutral light, the great weight and preponderance of the evidence supports the jury's verdict.

Given the logical force of the evidence described above, and the proper standards of review, we hold the evidence is legally and factually sufficient. Accordingly, we affirm the trial court's judgment.