IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00273-CR

No. 10-06-00274-CR

 

Jason Wayne Harbert,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court Nos. 2005-742-C and
2005-741-C

 



MEMORANDUM  Opinion



 

            Jason Harbert was charged with the
offenses of possession of cocaine and possession of a firearm by a felon.  On a
plea of not guilty, a jury found him guilty of both offenses, and the court
sentenced him to seven years in prison for possession of cocaine and six years
for possession of the firearm.  In two issues, he says that the evidence is
legally or factually insufficient to sustain either conviction.




FACTS PRESENTED

            Waco police obtained a search warrant
for a residence at 1321 Spring Street in the city of Waco after Officer Anita
Johnson received information from a confidential informant that Kevin Harbert,
Jason’s brother, was selling crack cocaine there.  When police entered the
residence, three persons, including Jason, were in the living room.   Kevin,
who requires a wheelchair, and a female were in a bedroom, where the officers
found a pill bottle that contained 62 rocks of cocaine.  In another bedroom,
which officers said belonged to Jason because men’s shoes and paperwork in
Jason’s name were there, they found a black bag containing cocaine and
additional paperwork addressed to Jason.   Officers also found a “digital drug
scale” on the headboard of the bed in the second bedroom and a Smith &
Wesson 9 mm handgun, partially covered by a blanket.

Jason’s defense was that he did not live at the
residence.  Kevin, who was in a federal prison as a result of a conviction
arising from this event, testified that Jason did not live there[1]
and that all the cocaine in the residence belonged to him, not to Jason.  One
of Jason’s sisters testified that he did not live at the residence and that she
had dropped him off there shortly before the search began.  Another sister
testified that Jason did not live on Spring Street, that the second bedroom was
essentially a junk room, and that the gun found there was actually hers, she
having left it there for protection.  She said Jason was not aware of the gun. 
Both sisters testified that 1321 Spring Street was their parents’ residence
prior to their deaths and that all the siblings received mail there, even
though none of them lived there.

The officer who booked Jason at the jail testified
that he gave 1321 Spring Street in Waco as his address.  Another officer
testified that the probation department showed 1321 Spring Street as Jason’s
address and that he found at least ten letters addressed to Jason at that
address.  A probation officer testified that Jason told him in his office on
two occasions that he lived at 1321 Spring Street and that in 2004 he did an “unannounced
home visit” at that address and found Jason there.

STANDARDS OF REVIEW

            We first address the standards by
which we review Jason’s contentions.

LEGAL SUFFICIENCY

            When reviewing a challenge to the
legal sufficiency of the evidence to establish the elements of a penal offense,
we must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  We do not resolve any conflict of fact or assign credibility
to the witnesses, as this was the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Any inconsistencies
in the evidence are resolved in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

FACTUAL SUFFICIENCY

In a factual sufficiency review, we ask whether a
neutral review of all the evidence, though legally sufficient, demonstrates
either that the proof of guilt is so weak or that conflicting evidence is so
strong as to render the factfinder’s verdict clearly wrong and manifestly
unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  “The court reviews the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compares it with the
evidence that tends to disprove that fact.”  Johnson, 23 S.W.3d at 7 (quoting
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)).  The
appellate court “does not indulge in inferences or confine its view to evidence
favoring one side of the case.  Rather, it looks at all the evidence on both
sides and then makes a predominantly intuitive judgment. . . .”  Id. (quoting William Powers and Jack Ratliff, Another Look at “No Evidence” and
“Insufficient Evidence,” 69 Texas L. Rev. 515, 519 (1991)).  The nature
of a factual sufficiency review authorizes an appellate court, although to a
very limited degree, to act as the so-called “thirteenth juror” to review the
factfinder’s weighing of the evidence and disagree with the factfinder’s
determination.  Watson, 204 S.W.3d at 416-17.

AFFIRMATIVE
LINKS

To establish the offense of unlawful possession of
a controlled substance, the State must show that the accused exercised actual
care, custody, control, or management over the contraband and knew that what he
possessed was contraband.  Humason v. State, 728 S.W.2d 363, 365 (Tex. Crim.
App. 1987).  The control over the contraband need not be exclusive, but can be
jointly exercised by more than one person.  Cude v. State, 716 S.W.2d
46, 47 (Tex. Crim. App. 1986).  When the accused is not in exclusive control of
the place where the contraband is found, the State must show additional
affirmative links between the accused and the contraband to show his or her
knowledge of or control over the contraband.  Id.

            "Affirmative links" is a
shorthand expression to identify what must be proven in a prosecution for the
possession of illegal drugs.  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  An accused must not only have exercised actual care, control, or
custody of the substance, but must also have been conscious of his connection with
it and have known what it was.  Evidence which affirmatively links him to it
suffices for proof that he possessed it knowingly.  Id.  This evidence
may be direct or circumstantial.  Id.  In either case it must establish,
to the requisite level of confidence, that the accused's connection with the
drug was more than just fortuitous.  Id.  This is the whole of the
so-called "affirmative links" rule.  Id.  It is a shorthand
expression of what must be proven to establish that a person possessed some
kind of drug "knowingly or intentionally."  Id.

            The affirmative links analysis also
applies to possession of firearms.  Bollinger v. State, 224 S.W.3d 768, 773
(Tex. App.—Eastland 2007, pet. filed) (“When the firearm is not found on the
accused's person or is not in the accused's exclusive possession, additional
facts must affirmatively link the accused to the firearm.”).




APPLICATION

            With these standards in mind, we turn
to Jason’s contentions that the evidence that he was in possession of the gun
or cocaine is legally or factually insufficient to sustain the convictions,
considering the evidence presented at trial.

Jason points to the testimony of members of his
family, the fact that the investigation prior to the search was focused on
Kevin (officers testified that they never received any information about Jason
prior to the search), the search warrant that contained only Kevin’s name, the
absence of Jason’s fingerprints in the second bedroom, the fact that neither
the gun nor the cocaine was found on Jason’s person, and the fact that Jason
was in the living room at the time the search began to demonstrate that a
rational jury could not have determined possession beyond a reasonable doubt. 
He further says the evidence shows that the cocaine was not in plain view, no
conduct indicating a consciousness of guilt, no special relationship with the
cocaine, and no recent consumption of drugs.

The State maintains that the evidence that Jason
lived at the residence and exercised care, custody, and control over the gun and
cocaine is “overwhelming,” saying “the jury simply rejected his theory.”

As we have noted, in a legal sufficiency review,
we do not resolve conflicts of fact or assign credibility to the witnesses, and
inconsistencies in the evidence are resolved in favor of the verdict.  See
Curry, 30 S.W.3d at 406; Dewberry, 4 S.W.3d at 740.  Applying this
standard, we find that a rational jury could have credited the evidence showing
that Jason lived at 1321 Spring Street and disregarded the contrary evidence to
find that he exercised joint control over the cocaine and the gun and find him
guilty beyond a reasonable doubt.  Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2789; Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (We
are in the position of a final, due process safeguard, ensuring only the
rationality of the fact finder.); Cude, 716 S.W.2d at 47.  We thus
reject his contentions that the evidence is legally insufficient.

            Related to factual sufficiency, our
task is to review the evidence weighed by the jury that tends to prove the
existence of the elemental fact of knowing possession and compare it with the
evidence that tends to disprove that fact.”  Johnson, 23 S.W.3d at 7. 
Again, we do not indulge in inferences or confine our view to only the evidence
favoring one side of the case.  Rather, we look at all the evidence on both
sides and then make a predominantly intuitive judgment.  Id.  Utilizing
this standard in a neutral review, we cannot find that the evidence demonstrates either that the proof tending to show
that Jason was affirmatively linked to the cocaine and the gun is so weak or
that conflicting evidence that he had little connection to the residence is so
strong as to render the jury’s verdict clearly wrong and manifestly unjust.  Watson,
204 S.W.3d at 414-15; see also Bollinger, 224 S.W.3d at 774-75; Brown,
911 S.W.3d at 747.  Thus, we reject Jason’s factual sufficiency complaints.

            We overrule issues one and two.




CONCLUSION

            Having rejected Jason’s issues, we
affirm the judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed August 1, 2007

Do
not publish

[CR25]









[1]
Kevin identified a bill in Jason’s name from
the city of Waco for water and sewer service at the residence.  He said he gave
Jason the money to turn the lights, water, sewer, and cable service on and that
the phones were in his cousin’s name.