Affirmed and Memorandum Opinion filed June 18, 2009








Affirmed
and Memorandum Opinion filed June 18, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00590-CR

_______________

 

RICHARD GODDARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 13th District Court

Navarro County, Texas

Trial Court Cause No. 30702-CR 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant Richard Goddard of possession of a Penalty Group 1
controlled substance, namely cocaine, in an amount less than one gram.  The
trial court assessed punishment at twenty-two months= confinement in the Texas Department
of Criminal JusticeBState Jail Division.  Appellant challenges his conviction on
the sole ground that the evidence is legally insufficient to support his
conviction.  We affirm.








                                                             I. 
Background

On May
23, 2006, Detective Paul Jock of the Corsicana Police Department was dispatched
to room 147 of the Corsicana Inn to investigate a report of possible narcotic
activity.  After learning from the motel clerk that appellant was the
registered guest, Detective Jock knocked on the motel room door.  Appellant
answered and consented to a search of the room.  The room was a typical small
motel room with one big open bedroom and a bathroom and vanity in the back.    

When
Detective Jock entered the room, appellant=s niece, Tina Dickson, had just taken
a shower and was getting dressed.  She and appellant stood outside with another
police officer while Detective Jock searched the room.  In the course of his
search, Detective Jock found what appeared to be a broken crack pipe and two
pieces of crack cocaine under the sink.  The substance field-tested positive
for cocaine.  Appellant and Dickson were subsequently arrested and charged with
possession of a controlled substance.  Dickson pleaded guilty, was convicted of
the charge, and received probation.

At
trial, Dickson testified that, on May 23, 2006, she and appellant purchased a
large quantity of crack cocaine and went to room 147 of the Corsicana Inn. 
While she and appellant were smoking some of the cocaine, she heard someone
knock on the door.  When she looked through the peephole, she recognized
Detective Jock as a narcotics detective.  She testified that she Afreaked out@ and broke the glass which they had
used to smoke the cocaine. 

                                                                 II. 
Analysis

In his
sole issue, appellant contends the evidence is legally insufficient to support
his conviction.  Specifically, he asserts the State failed to affirmatively
link him to the substance found in the motel room.








A.        Standard of Review

When
reviewing the legal sufficiency of the evidence, we do not ask whether we
believe the evidence at trial established guilt beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318B19 (1979).  Rather, we examine all
the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  Id. at 319; Mason v. State,
905 S.W.2d 570, 574 (Tex. Crim. App. 1995) (en banc).  Although we consider all
evidence presented at trial, we may not re‑weigh the evidence and
substitute our judgment for that of the jury.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000) (en banc).  In other words, the jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony, and it is the exclusive province of the jury to reconcile
conflicts in the evidence.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000) (en banc).  We consider both direct and circumstantial
evidence, and all reasonable inferences that may be drawn therefrom in making
our determination.  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007).

B.        Possession of a Controlled
Substance

To prove
unlawful possession of a controlled substance, the State must show that the
accused (1) exercised control, management, or care over the substance, and (2)
knew the substance he possessed was contraband.  Poindexter v. State,
153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  The State does not have to prove
the accused had exclusive possession of the contraband; joint possession is
sufficient to sustain a conviction.  Cude v. State, 716 S.W.2d 46, 47
(Tex. Crim. App. 1986).  However, when the controlled substance is not found in
the accused=s exclusive possession, additional independent facts must affirmatively
link the accused to the controlled substance.  See Poindexter, 153
S.W.3d at 406.








The Aaffirmative links@ analysis is used by courts to review
evidence relating to the accused=s knowledge and control of the
controlled substance.  See Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995); McQuarters v. State, 58 S.W.3d 250, 259 (Tex. App.CFort Worth 2001, pet. ref=d).  An affirmative link generates a
reasonable inference that the defendant knew of the contraband=s existence and exercised control
over it.  Lair v. State, 265 S.W.3d 580, 600 (Tex. App.CHouston [1st Dist.] 2008, pet. ref=d).  The evidence demonstrating such
links may be direct or circumstantial.  See Poindexter, 153 S.W.3d at 405B06.  The evidence, however, must
demonstrate that the accused=s connection to the controlled substance was more than just
fortuitous.  See id. at 406.








Some of
the factors that may affirmatively link an accused to contraband include
whether: (1) the defendant was present when a search was conducted; (2) the
contraband was in plain view; (3) the contraband was found in proximity and
accessible to the defendant; (4)  the defendant was under the influence of
narcotics when arrested; (5) the defendant possessed other contraband or drug
paraphernalia when arrested; (6) the defendant made incriminating statements
when arrested; (7) the defendant made an attempt to flee; (8) the defendant
made furtive gestures; (9) there was an odor of contraband; (10) other
contraband or drug paraphernalia was present; (11) the defendant owned or had
the right to possess the place where the drugs were found; (12) the place where
the drugs were found was enclosed; (13) the defendant was found with a large
amount of cash; and (14) the conduct of the defendant indicated a consciousness
of guilt.  Olivarez v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
The number of factors present in a given case is not as important or compelling
as the logical force the factors have in establishing the elements of the
offense.  Wootton v. State, 132 S.W.3d 80, 87 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  Further, the links need not be
so strong as to rule out every other possibility except the defendant=s guilt.  Brown, 911 S.W.2d at
748; Wootton, 132 S.W.3d at 87.  Thus, affirmative links are established
by the totality of the circumstances.  See Wootton, 132 S.W.3d at 87.

C.        Evidence of Possession

Appellant
acknowledges that he was present in the room in which the contraband was
found.  However, he argues that his presence in the vicinity of the substance
is the only affirmative link connecting him to the contraband and, as such, is
legally insufficient to demonstrate that he knowingly possessed the controlled
substance.

Appellant
is correct that mere presence at a location where drugs are found is
insufficient, by itself, to establish actual care, custody, or control of the
drugs.  See Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). 
However, presence or proximity, when combined with other evidence, either
direct or circumstantial, may well be sufficient to establish that element
beyond a reasonable doubt.  Id.  It is not the number of links that is
dispositive, but rather the logical force of all of the evidence, direct and
circumstantial.  Id.

Here, it
is undisputed that appellant was present in the motel room where crack cocaine
was found.  The room was small with one big open bedroom, a bathroom, and a
vanity.  The cocaine was found under the sink in the back of the motel room.  A
broken crack pipe was found next to the cocaine.  Appellant was the registered
occupant of the room.  Thus, the factors linking appellant to the contraband
are that (1) appellant was present at the time the crack cocaine was found; (2)
the cocaine was readily accessible to appellant; (3) drug paraphernalia was
present when he was arrested; and (4) appellant had the right to possess the
premises where the contraband was found.








In
addition, Dickson testified that she and appellant purchased a large quantity
of crack cocaine, appellant had the cocaine in his possession in the motel
room, and they smoked a portion of it in the room.  She also testified that
they were still smoking it when Detective Jock knocked on the door.  This
evidence is arguably another factor linking appellant to the contraband as it
suggests that he was under the influence of narcotics when he was arrested. 
Dickson further testified that after seeing the detective through the peephole,
she went to the bathroom and broke the crack pipe.

After
reviewing the direct and circumstantial evidence above in the light most
favorable to the verdict, we conclude that a rational trier of fact could have
found, beyond a reasonable doubt, that appellant was guilty of the charged
offense.  See Beall v. State, 237 S.W.3d 841, 850 (Tex. App.CFort Worth 2007, no pet.) (finding
evidence of affirmative links between defendant and contraband found in motel
room sufficient to support conviction where defendant made incriminating
statement at time of arrest, drugs were found in boot next to bed where
defendant slept, and arresting officer testified that defendant=s appearance at time of arrest was
consistent with drug use); Watson v. State, 861 S.W.2d 410, 415B16 (Tex. App.CBeaumont 1993, pet. ref=d) (concluding evidence was
sufficient to sustain conviction for possession of controlled substance where
evidence showed drugs found in motel room were accessible to defendant,
defendant answered door indicating his exercise of control over motel room,
contraband was found in enclosed place, paraphernalia to use contraband was in
view of appellant, and smoke alarm in room had been manually disconnected). 
Accordingly, we overrule appellant=s sole issue.[1]









III.  Conclusion

We
affirm the judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  The instant case was transferred to this Court from the Tenth Court of
Appeals.  On March 10, 2008, the Texas Supreme Court ordered a number of
amendments to the Texas Rules of Appellate Procedure, one of which was to Rule
41.3.  See Order Amending Texas
Rules of Appellate Procedure, Mar. 10, 2008 (Tex. Misc. Docket No. 08-9017). 
The amended rule, effective September 1, 2008, provides, in relevant part:

In cases
transferred by the Supreme Court from one court of appeals to another, the
court of appeals to which the case is transferred must decide the case in
accordance with the precedent of the transferor court under principles of stare
decisis if the transferee court=s decision
otherwise would have been inconsistent with the precedent of the transferor
court. The court=s opinion may state whether the outcome would have
been different had the transferee court not been required to decide the case in
accordance with the transferor court=s
precedent.

Tex. R. App. P. 41.3.  A review of relevant case law reveals no
inconsistency between the decisions of the Tenth Court and this Court.  In the absence of any such
conflict, we have cited to precedent of this Court where appropriate.