

## NUMBER 13-11-00564-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**JEFF PAUL RIEDNER,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

### MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Chief Justice Valdez

Appellant, Jeff Paul Riedner, was convicted of felony theft, a state jail felony, *see* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2011), and unlawful possession of a firearm, *see id.* § 46.04 (West 2011), enhanced to a second degree felony, *see id.* §

12.42 (West Supp. 2011). By three issues, appellant contends that the evidence is insufficient and that the trial court improperly admitted evidence.[1] We affirm.

## I.    BACKGROUND

Brandi Reeder, a game warden in Rockport, Texas, testified that on November 28, 2010 she was called to a property located in Aransas County because "there was a person on this property." Eventually, Warden Reeder came across appellant, who was driving a golf cart. Appellant was in an area that is completely fenced in. Warden Reeder only saw one entrance to the property. She did not know whether there was a break in the fence. Warden Reeder did not see anybody else on the property besides appellant.

Warden Reeder said that when she asked appellant what he was doing, he replied that he was "spreading corn" for the landowner. According to Warden Reeder, appellant denied that he was hunting on the property. Warden Reeder said that appellant identified the land owner as "Mr. Kelmer."[2] Warden Reeder did not determine the identity of Mr. Kelmer. Warden Reeder described the corn as "deer corn" and said, "A lot of people spread it for deer or hogs."

Warden Reeder testified that when she asked appellant whether he had any guns, "he kind of hesitated for a moment." Warden Reeder stated that she had seen appellant driving towards her from the location where she eventually found some guns. She testified that as she began to walk toward the "brush motte[,] he then replied, 'Yes, I do have guns in there.' . . . whenever he admitted the guns I called my partners to let

---

[1] We have renumbered and reorganized appellant's issues.

[2] According to Warden Reeder, the property is owned by the Degussa plant.

2

them know that I was there. . . ." According to Warden Reeder, appellant then offered to get the guns for her, and she told him, "No, sir. You wait right here." Warden Reeder stated that she went into the bush and found the weapons, which included a "9mm Smith & Wesson pistol and an A.J. Aubrey 12-gauge shotgun."

Warden Reeder agreed that appellant was cooperative with her. She testified that appellant stated that he was going to show her where to find the weapons. She stated, "He said he would get them for me. Whenever I walked back to—about along the roadway where I walked to where I would have been in line to walk into the brush and started to make a move to do so[,] he said that he would get the guns for me, in which I told him, no, I would retrieve them myself." Warden Reeder explained that she did not know the situation and that she did not want to compromise her safety by allowing him to retrieve the weapons. Warden Reeder stated that after appellant admitted that the weapons were his, she asked him why he had them, but that "[h]e didn't really have an answer." When the State asked, "Did he ever acknowledge that he had possession of those weapons," Warden Reeder replied, "Yes. Yes, he did." The State asked, "How did he do that?" Warden Reeder responded:

> Later, whenever I ran the weapons and the 9 mm came up to be stolen, reported as stolen in TCIC/NCIC, then he admitted that he should not have borrowed that gun from his friend or something to that effect. It was he should not have received the gun from an acquaintance of his.

Richard (Marty) Martin, a game warden, testified that on November 28, 2010, he was present when appellant was taken into custody. Warden Martin assisted by patting appellant down, placing him in handcuffs, placing him in the patrol vehicle, and strapping him in for transportation. Warden Martin stated that he searched the vicinity for other people and no one else was in the area except for the other game wardens.

3

On cross-examination, Warden Martin stated that appellant told him that if he had seen a hog, he would have shot it, and he produced a legal hunting license. On re-direct examination, the State asked Warden Martin to clarify with what weapon appellant would have shot a hog. Warden Martin replied, "Either . . . the shotgun or the pistol that was recovered near[]by the area where I approached him." Warden Martin stated that he was present when appellant was informed that the gun was stolen and that appellant said "that he shouldn't have taken that gun or shouldn't have had it."

## II. STANDARD OF REVIEW

In a sufficiency review, we examine the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010). The fact-finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony. *Brooks*, 323 S.W.3d at 899. We must resolve any evidentiary inconsistencies in favor of the judgment. *Id.*

## II. APPLICABLE LAW

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A person commits the offense of unlawful possession of a firearm if the person: (1) was previously convicted of a felony offense; and (2) possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision under community supervision, parole, or

mandatory supervision, whichever date is later. *See* TEX. PENAL CODE ANN. § 46.04(a)(1).

In cases involving unlawful possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted in cases of possession of a controlled substance. *Coleman v. State*, 188 S.W.3d 708, 720 (Tex. App.—Tyler 2005, pet. ref'd); *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.). The State must show that appellant: (1) exercised actual care, control, or custody of the firearm; (2) was conscious of his connection with it; and (3) possessed the firearm knowingly or intentionally. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, no pet.). A person commits the offense of theft if that person "unlawfully appropriates property with intent to deprive the owner of property." *See id.* § 31.03.

### III.     POSSESSION OF THE GUN

By his first and second issues, appellant challenges the sufficiency of the evidence of both offenses on the basis that there is no evidence that anyone saw him in actual possession of the firearm. Appellant does not challenge the other elements of the offenses.[3] The evidence viewed in the light most favorable to the verdict showed that appellant admitted to Warden Reeder that he was in possession of the nine-millimeter gun and that he would retrieve the gun from the bush for her. Appellant also admitted to Warden Martin that he would have used the nine-millimeter gun to shoot a hog if he would have had the opportunity. Therefore, a rational fact-finder could have

---

[3] Although appellant generally states in his brief that the evidence is legally insufficient to support the felony theft conviction, his only argument is that no one saw him actually possess the gun; therefore, we will address the issues as framed by appellant.

5

found beyond a reasonable doubt that appellant possessed the nine-millimeter gun. *See Jackson v*, 443 U.S. at 319; *see also Brooks*, 323 S.W.3d at 898–99. The evidence is legally sufficient to support both convictions. We overrule appellant's first and second issues.

## IV. ADMISSION OF THE GUN

By his third issue, appellant contends that the trial court abused its discretion by admitting the gun into evidence. Specifically, appellant argues that "it was not known at the time of [his] arrest that the firearm named in the indictment had been stolen. It had only [been] learned after" appellant was arrested. Appellant further alleges that he was substantially harmed by the trial court's admission of the gun.

Although appellant objected to the gun at trial, he did not object on the basis he now complains of on appeal. At trial, defense counsel did not state the legal basis for his objection to admission of the gun. As such, his complaint has not been preserved for our review. *See Gallo v. State*, 239 S.W.3d 757, 768 (Tex. Crim. App. 2007) (providing that appellate arguments must comport with objections at trial); *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (setting out that appellant did not preserve issue for appellate review because his argument at trial did not comport with his argument on appeal); *see also Keeter v. State*, 175 S.W.3d 756, 759–60 (Tex. Crim. App. 2005) (explaining that we cannot find that the trial court erred when the appellant failed to make the complaint to it). We overrule appellant's third issue.

## V.    CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
16th day of August, 2012.