

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-291-CR

REBECCA JO PAULMAN         APPELLANT

V.

THE STATE OF TEXAS           STATE

------------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Rebecca Jo Paulman appeals her conviction for possession of a controlled substance. In seven points, she contends that the trial court erred by denying her oral motion for continuance and by not determining her competency between the guilt innocence and punishment phases, and that the evidence is legally and factually insufficient to support the verdict. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## I. Background Facts

In response to neighborhood complaints, police conducted surveillance of appellant's Lake Dallas residence to determine if it was the site of criminal activity. They ran license plate checks on the numerous cars that came and went, and they discovered that most of the owners were from out of town and that some had narcotics histories. An examination of the contents of a trash container left outside the house revealed marihuana, drug paraphernalia, and methamphetamine residue.

Upon executing a search warrant, the police found appellant by a computer table and her husband in the living room. Appellant told the officers that she had methamphetamine in her computer desk, and she showed them a plastic bag containing just over one gram of methamphetamine. In addition to marihuana and various items of drug paraphernalia, the officers found more methamphetamine on top of another computer desk and in the bedroom. The total weight of methamphetamine recovered from the house was 17.57 grams.

Appellant was charged with possessing four grams or more, but less than two hundred grams, of methamphetamine.[2] The jury found her guilty and assessed punishment at seven-and-a-half years' confinement.

---

[2] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003).

## II. Oral, Unsworn Motion for Continuance

In points one, two, and three, appellant claims that the trial court erred in overruling her oral, unsworn motion for continuance presented at the start of the punishment phase. Oral, unsworn motions for continuance, however, preserve nothing for review.[3] We, therefore, overrule points one, two, and three.

## III. Competency to Stand Trial

In points four and five, appellant contends that the trial court violated her due process rights under the state and federal constitutions by proceeding to the punishment phase without first determining whether she was incompetent, despite her trial counsel's assertion that appellant was no longer competent to stand trial.[4]

Federal due process requires that the trial court sua sponte conduct an inquiry into competency when sufficient information indicating that the

---

[3] *E.g., Dewberry v. State*, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000); *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); *Ricketts v. State*, 89 S.W.3d 312, 317 (Tex. App.—Fort Worth 2002, pet. ref'd); *see also* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.06, 29.08 (Vernon 2006).

[4] *See* Tex. Code Crim. Proc. Ann. art. 46B.004(b) (Vernon 2006).

3

defendant may be incompetent is available to the trial court.[5]  These due

process concerns are codified in Chapter 46B of the Texas Code of Criminal

Procedure, which provides the statutory framework for competency

determinations.[6]  Under this statute, a person is presumed competent to stand

trial and shall be found competent to do so unless proved incompetent by a

preponderance of the evidence.[7]  A person is incompetent to stand trial if he

does not have sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding or a rational, as well as factual,

understanding of the proceedings against him.[8]   If any evidence suggesting

that the defendant may be incompetent comes to the trial court's attention, the

trial court shall sua sponte suggest that the defendant may be incompetent and

---

[5] *Drope v. Missouri*, 420 U.S. 162, 171–72, 95 S. Ct. 896 (1975);
*Pate v. Robinson*, 383 U.S. 375, 378, 86 S. Ct. 836 (1966); *McDaniel v.
State*, 98 S.W.3d 704, 709 (Tex. Crim. App. 2003).

[6] The prior law, code of criminal procedure article 46.02, was drafted
to accommodate and incorporate federal due process concerns.  42 George E.
Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* §
26.21 (2d ed. 2001); *see McDaniel*, 98 S.W.3d at 704.  Effective January 1,
2004, the legislature repealed article 46.02 and replaced it with article 46B.
*See* Act of April 30, 2003, 78th Leg., R.S., ch. 35, §§ 15–17, 2003 Tex. Gen.
Laws 57, 72 (current version at Tex. Code Crim. Proc. Ann. art. 46B (Vernon
2006)).

[7] Tex. Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006).

[8] *Id*. art. 46B.003(a); *Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim.
App. 2008).

shall then determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.[9]

Evidence suggesting that the defendant may be incompetent to stand trial is sufficient if it creates a bona fide doubt in the judge's mind as to the defendant's ability to consult with his attorneys with a reasonable degree of rational understanding or as to his rational and factual understanding of the proceedings against him.[10] Evidence is sufficient to create a bona fide doubt if it shows "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant."[11]

If, after an informal inquiry, the court determines that evidence exists to support a finding of incompetency, the court shall order an examination to determine whether the defendant is incompetent to stand trial.[12] We review a

---

[9] Tex. Code Crim. Proc. Ann. art. 46B.004 (Vernon 2006); *Fuller*, 253 S.W.3d at 228.

[10] *Fuller*, 253 S.W.3d at 228.

[11] *Id.* (quoting *McDaniel*, 98 S.W.3d at 710).

[12] Tex. Code Crim. Proc. Ann. art. 46B.005(a) (Vernon 2006); *Lawrence v. State*, 169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref'd).

trial court's decision not to conduct a competency inquiry for an abuse of discretion.[13]

In reviewing the record, we find no evidence sufficient to raise a bona fide doubt that appellant was incompetent to stand trial during the punishment phase of her trial. The evidence shows that appellant was a "bipolar manic-depressive" and was taking a prescription for this condition. There is no evidence, however, that she suffered from a severe mental illness or moderate retardation, nor is there evidence that she engaged in any bizarre acts.[14] Moreover, there is no evidence that she lacked the capacity to consult with her attorney with a reasonable degree of rational understanding, or that she did not understand the nature of the proceedings against her.[15] While her counsel indicated that appellant had dozed off during the testimony of one of the State's witnesses because she had skipped her medication, and that he had to wake her to get her to help him with some of the issues, he did not complain that he could not wake her and that when he did, she was unable to assist him with her defense. She was only without her medication for less than one hour

---

[13] *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000); *Lawrence*, 169 S.W.3d at 321.

[14] *See Fuller*, 253 S.W.3d at 228; *McDaniel*, 98 S.W.3d at 710.

[15] *See Fuller*, 253 S.W.3d at 228.

of the trial. During that time, the State presented one witness, which counsel competently and effectively cross examined. The court then broke for lunch, during which time appellant received her medication, and she was thereafter able to lucidly and rationally testify in her own defense.

Because there was no evidence sufficient to raise a bona fide doubt that appellant was incompetent, the trial court did not abuse its discretion by not initiating competency proceedings under chapter 46B. We overrule appellant's points four and five.

### IV. Evidence Sufficiency

In points six and seven, appellant claims that the evidence is legally and factually insufficient to support her conviction for possession, either individually or as a party, of any quantity over one gram. She argues that the State failed to link her to any methamphetamine over the amount that she admitted possessing and she argues that the State failed to prove that the drugs she admitted possessing weighed more than one gram.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order

to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[16]

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.[17] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust.[18]

To prove unlawful possession, the State had to prove that appellant (1) exercised actual care, custody, control, or management over the contraband and (2) that she knew the matter possessed was contraband.[19] The State does not have to prove that the accused had exclusive possession of the contraband;

[16] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[17] *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).

[18] *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

[19] Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115(d) (Vernon 2003); *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005).

joint possession is sufficient to sustain a conviction.[20]  When there is no evidence that the accused was in exclusive control of the place where the contraband was found, however, the State must offer additional, independent facts and circumstances that "link" the accused to the contraband.[21]  Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."[22]

No formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession.[23]  It is the logical force of the evidence, and not the number of links, that supports a fact-finder's verdict.[24]  Possible links include but are not limited to (1) whether the defendant was present when the drugs were found; (2) whether the drugs were in plain view; (3) the defendant's proximity to and the accessibility of the drugs; (4) whether the defendant was under the influence of drugs when arrested; (5) whether the

---

[20] *See Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).

[21] *See Poindexter*, 153 S.W.3d at 406.

[22] *Id. quoting Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

[23] *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas, no pet.)

[24] *See Evans v. State*, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).

9

defendant possessed other contraband or drugs when arrested; (6) whether the defendant made any incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of drugs; (10) whether other contraband or other drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.[25]

Appellant concedes that she possessed approximately 1.53 grams of methamphetamine. The forensic scientist from the Department of Public Safety's crime lab in Garland testified that the total amount of methamphetamine recovered from appellant's house weighed 17.57 grams. Thus, we find that the evidence is legally and factually sufficient to show that the methamphetamine recovered from the house weighed four or more grams.

In addition, the evidence is legally and factually sufficient to show that appellant possessed the drugs. Appellant had lived with her husband, an admitted methamphetamine dealer, for more than a year in a small, one bedroom house. During that time, there was enough activity and traffic at the

---

[25] *Id.* at 162 n.12.

house to cause neighbors to complain to the police. In response to these complaints, the police set up surveillance of the house and upon examining the trash outside, discovered paraphernalia, marihuana and methamphetamine. When the officers executed a search warrant, they found appellant in close proximity to methamphetamine, marihuana, and paraphernalia. Of the methamphetamine, approximately sixteen grams were in a black zippered case in plain view on a desk no more than twelve feet from appellant's desk where she admitted possessing approximately one gram of methamphetamine. The police found just under two grams of methamphetamine in the only bedroom on a bedside table. Appellant made incriminating statements, admitting that she possessed methamphetamine and that "it was just a matter of time before our ticket got punched." We find this evidence sufficient to link appellant to the total amount of methamphetamine admitted during trial.

Appellant's sixth and seventh points are overruled.

### V. Conclusion

Because we have overruled all of appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

11

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 9, 2008